**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ALI ELGHANNAM,<br><br>                Plaintiff,<br><br>         v.<br><br>NATIONAL ASSOCIATION OF BOARDS OF PHARMACY,<br><br>                Defendant. | Case No. 15-cv-01554 (CRC) |

**MEMORANDUM OPINION AND ORDER**

Ali Elghannam, an Egyptian immigrant and native Arabic speaker, aspires to practice pharmacy in the United States. Before he may do so, however, he must obtain a certificate from the Foreign Pharmacy Graduate Examination Committee ("FPGEC") of the National Association of Boards of Pharmacy ("NABP"), one requirement of which is the successful completion of the Test of English as a Foreign Language ("TOEFL"). Elghannam sat for this examination on April 10, 2015 and was informed ten days later by the Educational Testing Service ("ETS"), the non-profit organization that administers and scores the TOEFL exam, that he had obtained high marks in all categories. To Elghannam's dismay, ETS subsequently notified him that it had canceled his score, explaining that it had identified inconsistencies between the voice on the speaking portion of Elghannam's April 10 test and the voice from earlier tests that he had taken. Several months later, NABP informed Elghannam that it could not award him his FPGEC certificate due to his lack of a valid TOEFL score. Elghannam responded with a *pro se* complaint in the Superior Court for the District of Columbia seeking an order requiring NABP to issue that certificate. NABP timely removed the case to this Court and now moves to dismiss the complaint for failure to state a claim. The Court will grant NABP's motion.

Elghannam alleges wrongdoing only by ETS. The sole allegation he makes against NABP is that it "agreed immediately" with ETS's decision to cancel his TOEFL score. Pl.'s Opp'n 1. Because this "naked assertion" is completely "devoid of . . . 'factual enhancement'" regarding any potential misconduct by NABP, Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), the Court will dismiss Elghannam's complaint without prejudice and allow him an opportunity to file an amended complaint.

## I.  Standard of Review

To overcome a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Facial plausibility entails "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. While the court "must take all of the factual allegations in the complaint as true," legal conclusions "couched as a factual allegation" do not warrant the same deference. Id. (citing Twombly, 550 U.S. at 555).

"A document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)) (internal citation and quotation marks omitted). A court cannot consider matters outside the pleadings in deciding a Rule 12(b)(6) motion, but it may consider "documents attached as exhibits or incorporated by reference in the complaint." Ward v. D.C. Dep't of Youth Rehab. Servs., 768 F. Supp. 2d 117, 119 (D.D.C. 2011) (citing Hinton v. Corr. Corp. of Am., 624 F. Supp. 2d 45, 46 (D.D.C. 2009)) (internal citation omitted). Further, a *pro se* plaintiff's pleadings must be "considered *in toto*" to determine whether they "set out allegations sufficient to survive dismissal." Brown v. Whole Foods Mkt. Grp., Inc., 789 F.3d 146, 151 (D.C. Cir. 2015).

**II.     Analysis**

Because Elghannam's complaint does not meet "the threshold requirement of [Federal] Rule [of Civil Procedure] 8(a)(2) that" it contain allegations that "possess enough heft to show that the [he] is entitled to relief" against NABP, <u>Twombly</u>, 550 U.S. at 557 (internal quotation marks omitted), it fails to state a claim upon which relief can be granted and therefore warrants dismissal under Federal Rule of Civil Procedure 12(b)(6).  First, the complaint itself, while replete with allegations of potential wrongdoing by ETS, includes no claim at all against NABP.  It speaks only of "ETS' conduct" and "ETS' actions."  Compl. 5; <u>see also</u> Order on Plaintiff's Motion to Remand, Oct. 23, 2015, ECF No. 10 ("Although Elghannam claims in his complaint that the *Educational Testing Service* violated his 'due process rights,' he does not make any such claim against the defendant in this case: NABP.").  For instance, Elghannam expresses his "belie[f]" that ETS cancelled his test score in "retaliation for two previous complaints that [he] made to ETS."  Compl. 3.  He also alleges that "ETS['s] decision . . . violat[ed] [his] due process rights as well as [constituted] defamation."  Finally, Elghannam contends that "ETS breached its adhesion contract (A Slave Contract)."  The closest that Elghannam comes to alleging any form of wrongdoing by *NABP* is in his opposition to NABP's motion to dismiss, where he claims that NABP "**agreed immediately** with a new Educational Testing Services' [decision] to cancel [his] valid score."  Pl.'s Opp'n 1.  The Court understands Elghannam to allege that ETS and NABP conspired to invalidate his test score, thereby breaching a contract between himself and ETS and potentially infringing on certain of his rights.

3

Elghannam's pleadings, however, even considered *in toto*, simply do not contain "enough factual matter (taken as true) to suggest that an agreement was made." Twombly, 550 U.S. at 556.[1] Indeed, they contain no facts at all that "raise a reasonable expectation that discovery will reveal evidence of illegal agreement." Id. Elghannam alleges merely that NABP made an "agree[ment]" with ETS to cancel his score, Pl.'s Opp'n 1, but this "bare assertion[], much like the pleading of conspiracy in Twombly, . . . [is] conclusory and not entitled to be assumed true," Iqbal, 556 U.S. at 681. Other than this conclusory allegation, which the Court cannot credit, Elghannam claims only that NABP is withholding his FPGEC certificate and that NABP was made aware of ETS's findings. Compl. 3, 5. These facts, however, taken as true, do not allow the Court to draw "the reasonable inference that the defendant is liable for the misconduct alleged," Iqbal, 556 U.S. at 678, and therefore fail to "show[] that the pleader is entitled to relief" against NABP, Fed. R. Civ. P. 8(a)(2), particularly as all the alleged misconduct solely involves the actions of ETS. The Court accordingly will grant NABP's motion to dismiss the complaint but allow Elghannam an opportunity to amend his complaint consistent with the pleading standard articulated in Twombly and Iqbal.

**III.   Conclusion**

Therefore, it is hereby

---

[1] NABP contends that Elghannam's allegation of an agreement or conspiracy should be disregarded in its entirety because he is endeavoring "to plead new allegations not included in his Complaint [in an] attempt to create a connection between the alleged wrongdoer, ETS, and NABP." Def.'s Reply 2. While courts have held that even a *pro se* plaintiff "is not entitled to raise new claims for the first time in an opposition to a motion to dismiss," Morris v. Carter Glob. Lee, Inc., 997 F. Supp. 2d 27, 42 (D.D.C. 2013), the D.C. Circuit has recently held that a district court must consider together all allegations that *pro se* plaintiffs make in their pleadings—including in their oppositions—when resolving a motion to dismiss, see Whole Foods Mkt. Grp., 789 F.3d at 151. This Court will therefore not disregard Elghannam's allegations that appear only in his opposition to NABP's motion to dismiss.

**ORDERED** that [5] Defendant's Motion to Dismiss the Complaint be **GRANTED**.  It is further

**ORDERED** that Plaintiff's Complaint be **DISMISSED WITHOUT PREJUDICE**.  It is further

**ORDERED** that Plaintiff shall amend his complaint, if at all, no later than January 4, 2016. Should Plaintiff fail to file a proper amended complaint within that time, the case will be dismissed.

**SO ORDERED**.

CHRISTOPHER R. COOPER
United States District Judge

Date:   December 14, 2015